UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUDITH ISON,                                                    Case No. 4:05-CV-85

       Plaintiff,                                          Hon. Richard Alan Enslen

v.

JO ANN B. BARNHART,
Commissioner of Social Security,

       Defendant.                                          **OPINION**
_____/

      This matter is before the Court on Plaintiff Judith Ison's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report") of July 28, 2006, which affirmed the Commissioner of Social Security's final decision denying Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

**I.    BACKGROUND**

      Plaintiff is 61 years of age and has previously worked as an x-ray technologist, CT Scan and ultrasound technologist, and medical records clerk. Plaintiff alleges she has been disabled since July 26, 1994, due to cervical and lumbar degenerative disc disease, corneal eye disease, knee pain, heart impairment, and hypertension.[1] She remained insured for DIB through December 31, 2000. Plaintiff applied for benefits on January 23, 2004. Her application was denied on April 2, 2004, and she requested a hearing before an Administrative Law Judge ("ALJ"). On February 18, 2005, Gerald J. Rickert, acting as ALJ, denied Plaintiff's claim. The Appeals Council declined to review the ALJ's

---

[1]The Court adopts by reference the pertinent portion of the Report that sets forth the summary of Plaintiff's medical history as presented in the Administrative Record.

decision, therefore making it the final decision of the Commissioner. Plaintiff then appealed to this Court pursuant to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

This Court reviews this action pursuant to Section 205(g) of the Social Security Act, as codified in 42 U.S.C. § 405(g). Section 405(g) limits the Court to a review of the administrative record and provides the Commissioner's decision shall be conclusive if it is supported by substantial evidence. *See Willbanks v. Sec'y of Health & Human Serv.*, 847 F.2d 301, 303 (6th Cir. 1988). Therefore, the judicial scope is limited to the determination of whether the Commissioner applied the correct legal standards and whether there is substantial evidence in the record to support the decision. *See Brainard v. Sec'y of Health & Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health & Human Serv.*, 964 F.2d 524, 528 (6th Cir. 1992). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Serv.*, 735 F.2d 962, 963 (6th Cir. 1984).

## III.  DISCUSSION

**(A) Objection to Report's Finding that Substantial Evidence Supports the ALJ's Evaluation of the Medical Evidence**

Plaintiff argues the ALJ failed to evaluate the medical evidence as a whole and therefore, his opinion is unsupported by substantial evidence. Specifically, Plaintiff claims the ALJ failed to

consider certain medical evidence that supported Dr. Pareigis' limitations and as a result, failed to give more weight to her opinion.[2] Further, Plaintiff argues the ALJ omitted the fact that while Plaintiff had never had back surgery, it was recommended. Plaintiff reasons because these findings support the opinion asserted by Dr. Pareigis in 2005, the ALJ erred by not giving controlling weight to her opinion, and the omission renders his evaluation of the medical evidence unsupported by substantial evidence.

The Court notes the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). Additionally, a treating physician's opinion is given substantial deference and where the opinion or diagnosis is uncontradicted in the record, the treating physician's opinion is given complete deference. *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). However, this deference is appropriate only where "the treating physician's opinion is based on sufficient medical data." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) (*citing Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984)). Therefore, a treating physician's opinion may be discounted if it is not supported by clinical findings consistent with the evidence and the ALJ adequately articulates his rationale for giving less than controlling weight to the opinion. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-47 (6th Cir. 2004); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

---

[2]Plaintiff points to a CT scan in 1984 showing "moderate bulging of the anulus fibrosus at the L4-5 level, and minor bulging at the anulus fibrosus at the L5-S1 level" and claims those changes continued through October 2003. (Pl.'s Obj. 2-3.) Plaintiff also notes a test performed in 1994 which found two "small" protrusions and a spur, and a diagnostic history of tests showing cervical and lumbar spine degenerative disease. Third, Plaintiff claims the ALJ discounted a "slight" muscle spasm recorded by Dr. Pareigis in 1997. (Pl.'s Obj. 3-4.)

Plaintiff claims the aforementioned tests corroborate Dr. Pareigis' restrictions ordered in 2005, and therefore, her opinion is not controverted by the record and should be given complete deference. However, the ALJ found the medical evidence during the pertinent period failed to support the extreme restrictions given by Dr. Pareigis in her 2005 opinion.  The ALJ noted most of the medical treatment Plaintiff received was for neck and upper extremities and the medical record showed mainly mild and normal findings.  Even in May 2000, Dr. Pareigis examined Plaintiff and found normal ranges of motion in the neck and upper extremities. (Tr. 207.)  Indeed, progress notes prior to December 2000 did not restrict Plaintiff's sitting or standing, nor was she diagnosed with low back impairment. (Tr. 211, 212, 215).  Further, Plaintiff's claim that back surgery had been recommended was not corroborated by the record beyond Plaintiff's own reiteration of the recommendation to Dr. Pareigis. (Tr. 223.)

Although it may be true Plaintiff's claims of lower back pain and Dr. Pareigis' opinion of 2005 finds some support in those tests, it is not sufficient for the Court to reverse the ALJ's decision under the substantial evidence standard of review.  The ALJ adequately articulated his reasons not giving controlling weight to Dr. Pareigis' opinion, as it was executed more than four years after Plaintiff's insured status expired and the opinion lacked support from Dr. Pareigis' *own* contemporaneous treatment notes.  Additionally, the ALJ noted Dr. Pareigis' 2005 opinion was considerably more restrictive than those previously given in 1995 and 1997, and the discrepancy was never explained by Dr. Pareigis.  The ALJ's detailed findings show Plaintiff's medical history did not support the new restrictions given by Dr. Pareigis.  Therefore, the Court finds there is substantial evidence to support the ALJ's evaluation of the medical record and his decision to afford less weight to the treating physician.

4

**(B) Objection to Report's Finding that Substantial Evidence Supports the ALJ's Credibility Finding.**

Plaintiff objects to the Report's finding that the ALJ properly determined Plaintiff lacked credibility in her reports of disabling pain. Plaintiff argues the ALJ failed to follow the steps set forth in *Duncan v. Sec'y of Health & Human Serv.*, 801 F.2d 847, 853 (6th Cir. 1986) when he found the underlying medical impairment could reasonably cause the symptoms alleged, but held the medical evidence did not support the severity of the symptoms. An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of the claimant when making a determination of disability. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003); 20 C.F.R.§ 404.1529(a). Further, the ALJ's credibility assessment must be accorded great weight and deference "particularly since the ALJ has the opportunity, which [the Court] do[es] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476 (*citing Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)).

Here, the ALJ properly followed the standards in *Duncan*. Plaintiff does not dispute that the first prong of *Duncan* was met. (Pl.'s Obj. 5.) The ALJ also addressed the second prong of *Duncan* when he found that the objective medical evidence did not support the severity of the symptoms alleged. This finding is not contradictory to the ALJ's statement that Plaintiff "has an underlying medically determinable impairment that *could* reasonably cause the symptoms alleged." (Tr. 21) (emphasis added). Indeed, merely because the ALJ observed it was possible for Plaintiff's medical impairments to cause the alleged symptoms, it does not follow he had to find Plaintiff's subjective allegations of disabling pain and limitation were supported by objective medical evidence. In fact, the ALJ did not find such evidence, and therefore correctly satisfied the two-prong standard in *Duncan*.

Plaintiff also claims the ALJ failed to discuss several factors under 20 C.F.R. § 404.1529(c)(3)(i)(i-iv), including the medications she took, the many treatments and their duration, the limitations on Plaintiff's daily activities, and recommended surgeries that support her credibility and as a result, the ALJ's credibility standard is not supported by substantial evidence. However, the ALJ listed the relevant factors and supported his credibility determination on several grounds. The ALJ noted Plaintiff's treatment history, finding Plaintiff did not require surgery or an emergency visit during the relevant period. The ALJ also found Plaintiff could recall dates and personal information, which contradicted her testimony that she had trouble concentrating. *See Tyra v. Sec'y of Health & Human Serv.*, 896 F.2d 1024, 1030 (6th Cir. 1990) ("personal observations" may be part of a credibility determination). Further, the ALJ found Plaintiff could care for her own personal needs, drove regularly, shopped, and attended church on a regular basis. The ALJ concluded the medical record was consistent with his finding that Plaintiff was not fully credible. Therefore, the Court finds the ALJ's determination of Plaintiff's credibility is supported by substantial evidence.

**(C) Objection to the Report's Determination that the ALJ's Posed a Proper Hypothetical Question to the Vocation Expert**

Plaintiff's final objection is that the Magistrate erred when she found the ALJ's hypothetical question to the vocational expert was proper. Plaintiff claims the ALJ asked a hypothetical question which did not include restrictions supported by the record. The vocational expert gave medical records clerk as one example of a job Plaintiff could perform with the restrictions posited by the ALJ. Plaintiff claims because she had attempted and failed at that job in 1995, due to her level of pain, the question must have been incomplete and improper.

An ALJ may ask a vocational expert hypothetical questions, and substantial evidence may be produced through reliance on the testimony, so long as the question is supported by the evidence in the record. *See Cline v. Comm'r of Soc. Serv.*, 96 F.3d 146 (6th Cir. 1996). As previously discussed, the ALJ found Plaintiff's subjective complaints of pain were not credible, and he did not give controlling weight to the restrictions in Dr. Pareigis' opinion from 2005 because it was not strongly supported by the record. Thus, the ALJ did not have to include those restrictions as they were not supported by the record. The mere fact one example by a vocational expert is a job Plaintiff was previously unable to perform in 1995 does not invalidate a hypothetical question that was supported by the record. The vocational expert stated 40,000 semi-clerical jobs fit the restrictions of Plaintiff. This is a substantial number, therefore, even if the job of medical records clerk was eliminated, a large number of other clerical jobs would still remain that Plaintiff could perform. As such, the Court finds the hypothetical question was proper and complete.

## IV.   CONCLUSION

The Court finds the medical evaluation by the ALJ is supported by substantial evidence. Further, the ALJ's credibility finding was supported by substantial evidence. Finally, the ALJ posed a proper and complete question to the vocational expert when he did not include the restrictions which lacked support in the record. Therefore, Plaintiff's Objections are denied, the Magistrate's Report and Recommendation is adopted, and the Commissioner's decision is affirmed.

A Judgment consistent with this Opinion will issue.

DATED in Kalamazoo, MI:  
October 18, 2006

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE